Theresa M. BEACH, Administratrix of the Estate of Lawrence J. Fitzgerald, Deceased,

v.

Jack D. GROLLMAN and William A. Berger.

Civ. A. No. 24342.

United States District Court
E. D. Pennsylvania.

Jan. 13, 1959.

Sidney J. Smolinsky, Dorfman, Pechner, Sacks & Dorfman, Philadelphia, Pa., for plaintiff.

Thomas E. Comber, Jr., Pepper, Bodine, Frick, Scheetz & Hamilton, Philadelphia, Pa., for defendant Jack D. Grollman.

Albert C. Gekoski, Philadelphia, Pa., for defendant Wm. A. Berger.

EGAN, District Judge.

This action arises out of an automobile accident that occurred in New Jersey on April 1, 1956 in which plaintiff's decedent was killed. Plaintiff, a New Jersey resident, was appointed administratrix of the decedent's estate on March 24, 1958 by the Register of Wills of Philadelphia County and immediately commenced this action on March 25, 1958 against the defendants, both Pennsylvania residents. The plaintiff, in her complaint, sets forth the facts of the accident and alleges that the defendants' negligence in the operation of the motor vehicle caused her decedent's death. Plaintiff has also alleged causes of action under the Pennsylvania Wrongful Death Act, 12 P.S. § 1601 et seq., and the Survival Act, 20 P.S. § 320.601.

Separate answers were filed by the defendants in which they raise the defenses of (1) the statute of limitations, (2) lack of capacity of the plaintiff to sue and (3) failure to state a cause of action, since plaintiff should have alleged the New Jersey Wrongful Death and Survival Acts rather than the Pennsylvania Acts. Thereafter the defendants moved for summary judgment, asserting the same grounds stated above. Whereupon the plaintiff, on October 27, 1958, moved to amend her complaint to allege the New Jersey Death Act, N.J.S.A. 2A:31-1, 2 and Survival Act, N.J.S.A. 2A:15-3 since she had meanwhile been appointed administratrix ad prosequendum by the Surrogate Court of Atlantic County, New Jersey.

In deciding these motions, the Wrongful Death and Survival Acts must be treated separately because of the differences in the statute of limitations and the capacity in which one must sue.

As to the Wrongful Death action, summary judgment must be granted in favor of the defendants, whether we grant or deny plaintiff's motion to amend, since this action is controlled by the Supreme Court decision in Wells v. Simonds Abrasive Co., 1953, 345 U.S. 514, 73 S.Ct. 856, 97 L.Ed. 1211. Because jurisdiction is based upon diversity of citizenship, this Court, in determining the applicable statute of limitations, must look to the conflict of law principles as would the Courts of Pennsylvania. Klaxon v. Stentor Electric Mfg. Co., 1941, 313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed. 1477. Under the Pennsylvania decisions, the statute of limitations is determined by the law of the forum. The applicable limitation period is two years in New Jersey and one year in Pennsylvania. An action for wrongful death in Pennsylvania must be brought within one year of the date of death, regardless of where the cause of action arose. Rosenzweig v. Heller, 1931,

302 Pa. 279, 153 A. 346, Foley v. Pittsburgh-Des Moines Co., 1949, 363 Pa. 1, 68 A.2d 517.

 The facts of this case make the Wells decision undistinguishable. In Wells, this Court, 102 F.Supp. 519 granted a motion for summary judgment by applying the one-year Pennsylvania statute of limitations, 12 P.S. § 1603, rather than the two-year limitation in the Alabama Act, Code 1940, Tit. 7, § 123, which was the place where the cause of action arose. This was affirmed by the Supreme Court of the United States which held that this was not a denial of full faith and credit. Therefore, in the instant case, even if we were to allow the amendment which would allege the New Jersey Wrongful Death Act, which has a two-year statute of limitations, we must still apply the one-year statute of limitations of Pennsylvania and this action is therefore barred.

 Coming now to the Survival action, several different questions are presented. Although plaintiff's motion to amend was filed more than two years after the date of the accident, we do not think that this would introduce a new cause of action or in any way prejudice the defendants. The plaintiff, in her original complaint, has pleaded sufficient facts to apprise the defendants of the nature of her claim, and would be sufficient without mention of the precise statute under which it is brought, since that would be mere surplusage. "State law need not be pleaded as a federal court will take judicial notice thereof." Straub v. Jaeger, D.C.E.D.Pa.1950, 9 F.R.D. 672, 673, 674.

The test of relation back under Rule 15(c), 28 U.S.C.A. is whether the claim "arose out of the conduct, transaction, or occurrence set forth, or attempted to be set forth in the original pleading." This departs from the narrow concept of cause of action to a much broader view based on the conduct upon which the parties rely to enforce their claim. See 3 Moore, Federal Practice, § 15.15, p. 851, Kimbro v. United States Rubber Company, D.C.

D.Conn.1958, 22 F.R.D. 309, Gabaree v. Jay Ship Maintenance Corporation, D.C. E.D.Pa.1958, 166 F.Supp. 625. Therefore, the Court feels that justice requires the granting of plaintiff's motion to amend the survival action.

Defendants have cited the recent lower Court decision in the Common Pleas Court of Pennsylvania of Bonner, administratrix v. Roden (C.P. No. 7, 1958) and urge that because of its similarity to the present action, it would be controlling. However, for the reasons stated above, and the fact that this is a question to be determined by interpreting the Federal Rules of Civil Procedure, we feel this case is not controlling.

Counsel for the respective parties shall submit appropriate forms of Order.