Margaret KLEINSCHMIDT, Administratrix Ad Prosequendum and General Administratrix in the Matter of the Estate of Dale Kleinschmidt, Deceased, et al., Plaintiffs,

v.

UNIVERSAL SEAFOOD COMPANY, Inc., a corporation of the State of Pennsylvania, Daniel Diorio and Noel Lo Castro jointly, severally and in the alternative, Defendants.

Civ. A. No. 29419.

United States District Court
E. D. Pennsylvania.

Dec. 29, 1961.

M. Stuart Goldin, Philadelphia, Pa., Stephen M. Gretzkowski, Jr., Camden, N. J., for plaintiff.

Herman Steerman, Steerman & Steerman, Philadelphia, Pa., for Universal Seafood Co. and Daniel Diorio.

Harry Kozart, Philadelphia, Pa., for Noel Lo Castro.

LUONGO, District Judge.

Before us are defendants' motions [1] to dismiss portions of plaintiff's complaint for failure to state a cause of action and as barred by the Statute of Limitations.

On March 23, 1961, various members of the Kleinschmidt family filed a complaint in twenty-eight counts against defendants for injuries and, in one case, death resulting from allegedly poisoned fish prepared and sold by defendants. The motions before us are directed only to the first eight counts of the complaint, four counts by Margaret Kleinschmidt as Administratrix ad Prosequendum, and four counts by Margaret Kleinschmidt as General Administratrix of the estate of decedent, Dale Kleinschmidt.

Plaintiff's theories of the case are that defendants negligently and/or in breach of a warranty and/or in breach of a statutory duty sold poisoned fish which, when eaten by Dale Kleinschmidt, caused his death. The fish was purchased in

---

1. Defendant Lo Castro, on the one hand, and defendants Diorio and Universal Seafood Company, Inc., on the other, filed separate motions to dismiss. However, these were argued as though they were one motion and will be so treated in this Opinion.

New Jersey and apparently was consumed and death occurred in that state.[2] Federal jurisdiction is based on diversity, plaintiff being a New Jersey citizen, while individual defendants are Pennsylvania citizens and corporate defendant is a Pennsylvania corporation. The requisite jurisdictional amount is alleged.

Since, apparently, injury and death occurred in New Jersey, a Federal Court sitting in Pennsylvania must apply New Jersey law to determine whether a cause of action exists and the capacity of the party authorized to initiate proceedings. Moran v. Pittsburgh-Des Moines Steel Co., 166 F.2d 908 (3rd Cir. 1948); Beach, Adm'x v. Grollman, 169 F.Supp. 612 (D.C.E.D.Pa.1959); Brennan, Adm'r v. Rooney, 139 F.Supp. 484 (D.C.E.D.Pa.1956); Foley v. Pittsburgh-Des Moines Co., 363 Pa. 1, 68 A.2d 517 (1949). Pennsylvania and New Jersey permit recovery of damages both in a wrongful death action and in a survival action. 12 P.S. § 1601, 20 P.S. § 320.-601; N.J.S.A. 2A:31-1 & 2, N.J.S.A. 2A:15-3.

New Jersey law authorizes an action for wrongful death to be brought by an Administrator ad Prosequendum for damages caused by a wrongful act, neglect or default of another which results in death. N.J.S.A. 2A:31-1 & 2. The action is " * * * for the exclusive benefit of the persons entitled to take any intestate personal property of the decedent, and in the proportions in which they are entitled to take the same. * * " N.J.S.A. 2A:31-4.

The first four counts of the complaint contain the following:

(a) an allegation of death caused by a wrongful act, neglect and/or default;

(b) an intestate decedent leaving no surviving spouse or children;

(c) an action instituted by an Administratrix ad Prosequendum on behalf of those entitled to take under the intestate law, i. e. parents, brothers and sisters.

The first four counts clearly set forth and constitute a wrongful death action. Pennsylvania law requires that such actions be instituted within one year of decedent's death. 12 P.S. § 1603. New Jersey law permits suit to be instituted within two years. N.J.S.A. 2A:-31-3.

Plaintiff contends that the New Jersey and the Pennsylvania wrongful death statutes differ in substance, the former permitting recovery for death caused by a wrongful act, neglect or default, the latter only for death caused by violence or negligence. Plaintiff contends, therefore, that the Pennsylvania Statute of Limitations should not apply.

We see no merit in the argument that because Pennsylvania's death statute may give greater or lesser substantive rights than some foreign death statute, Pennsylvania should not, as the forum state, apply her own Statute of Limitations. Pennsylvania applies a one year limitation to death actions, domestic and foreign. A death action, simply stated, is a statutory right granted to certain enumerated classes of persons to recover damages from one who wrongfully causes another's death. Whether the wrong stems from a breach of contract or from a negligent act does not affect the character of the action, it remains a death action. That being so, we are bound to apply Pennsylvania's limitation period. Wells v. Simonds Abrasive Co., 345 U.S. 514, 73 S.Ct. 856, 97 L.Ed. 1211 (1953); Beach, Adm'x v. Grollman, 169 F.Supp. 612 (D.C.E.D.Pa. 1959).

Since the instant action was commenced almost two years after death, it is barred by the Pennsylvania Statute of Limitations. Rosenzweig, Adm'r v. Heller, 302 Pa. 279, 153 A. 346 (1931).

Defendants' motion to dismiss the first four counts of the complaint will be granted on the ground that those counts are barred by the Statute of Limitations.

---

2. While the complaint does not allege where the injury and death occurred, defend- ants concede, on page 2 of their brief, that it was in New Jersey.

As to the second four counts of the complaint, if they sufficiently allege a survival action they were timely filed since the Pennsylvania limitation period in survival actions based on personal injury is two years from the date of injury, 12 P.S. § 34; 20 P.S. § 320.603, and this suit was filed one day before the expiration of such two year period.

■■ To determine whether the second four counts sufficiently allege a survival action, we must consider the complaint as a whole and interpret the pleading liberally. So doing, we conclude that the second four counts sufficiently allege a survival action.

■ While the wording of the second four counts is almost identical to that of the first four counts, they were brought in plaintiff's capacity as General Administratrix, whereas the first four counts were brought in her capacity as Administratrix ad Prosequendum. Under New Jersey law the Administratrix ad Prosequendum is the proper party to bring a wrongful death action and the General Administratrix is the proper party to institute a survival action. Prudential Insurance Company of America v. Laval, 131 N.J.Eq. 23, 30, 23 A.2d 908 (1942); Alston, Adm'x v. Hankey, 108 N.J.L. 226, 228, 156 A. 915 (1931); Brennan, Adm'r v. Rooney, 139 F.Supp. 484 (D.C.E.D.Pa. 1956).

Defendants argue that the second four counts (hereinafter referred to for convenience as General Administratrix counts) seek recovery for certain enumerated persons rather than for the "estate of" the decedent, and since a survival action may be maintained only for the benefit of the estate and not for particular survivors, therefore, the General Administratrix counts constitute, not a survival action, but a wrongful death action which is barred by the one year Pennsylvania Statute of Limitations.

We cannot agree. If the General Administratrix counts had been instituted on behalf of the "estate of" the decedent, there would be no question that those counts adequately set forth a survival action. Under New Jersey intestate law, where there is no surviving spouse or children, a decedent's estate is distributed " * * * equally among the parents and brothers and sisters." N.J.S.A. 3A:4–4. The persons enumerated in the General Administratrix counts are those who would share decedent's estate under New Jersey intestate law.

In our view the General Administratrix counts, therefore, while omitting the fact that the action is instituted on behalf of the "estate of" the decedent, allege the ultimate result that would be accomplished by distribution under New Jersey intestate law. We are not so obsessed with technicality as to rule that the General Administratrix counts are insufficient as a survival action because they fail specifically to set forth that the action was instituted for the "estate of" the decedent, particularly where to do so would have the drastic effect of dismissing the claim. In this regard the following expression by Mr. Justice Black in Conley v. Gibson, 355 U.S. 41, 48, 78 S. Ct. 99, 103, 2 L.Ed.2d 80 (1957) is pertinent:

"Following the simple guide of Rule 8(f) that 'all pleadings shall be so construed as to do substantial justice,' we have no doubt that petitioners' complaint adequately set forth a claim and gave the respondents fair notice of its basis. The Federal Rules reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits."

As additional support for our conclusion, we point out that, were we to accept defendants' argument, we would have to conclude that the General Administratrix counts were a mere repetition of the first four counts, adding absolutely nothing to the complaint. We cannot attribute such futility of purpose to the pleader, nor such lack of understanding to the reader. Under New Jersey law, wrongful death actions are required to be brought by Ad-

ministrators ad Prosequendum and survival actions by General Administrators. In pleading two sets of counts, in virtually identical language, one by the plaintiff as Administratrix ad Prosequendum and the other by her as General Administratrix, the pleader's purpose was crystal clear. We are satisfied that defendants were put on sufficient notice of a survival action by the pleading as filed, despite the absence of an allegation in the General Administratrix counts that it was brought for the "estate of" the decedent.

While we cannot commend the General Administratrix counts as a model of good pleading, nevertheless we regard them as sufficient to set forth a survival action claim.

Defendants' motion to dismiss the second four counts of the complaint will be denied.