24215

Delbra N. THOMAS, as Personal Representative of the Estate of Vermon Thomas, Plaintiff v. J. Michael GRAYSON, M.D. and Coastal Cardiology, P.A., Defendants. Delbra N. THOMAS, as Personal Representative of the Estate of Vermon Thomas, Plaintiff v. James A.L. Glenn, M.D., Defendant.

(456 S.E.(2d) 377)

Supreme Court

*Richard Mark Gergel* and *W. Allen Nickles, III* of *Gergel, Burnette, Nickles & Grant* and *I.S. Leevy Johnson* of *Johnson, Toal & Battiste,* Columbia, *for plaintiff.*

*Robert H. Hood, Joseph C. Wilson, IV,* and *Barbara W. Showers* of *Hood Law Firm,* Charleston, *for defendants J. Michael Grayson, M.D.* and *Coastal Cardiology, P.A.*

*Wade H. Logan, III* and *Stanley C. Rodgers* both of *Holmes & Thomas,* Charleston, *for defendant James A.L. Glenn, M.D.*

Heard Sept. 20, 1994.

Decided Mar. 27, 1995.

FINNEY, Justice:

Pursuant to Rule 228, SCACR, we agreed to answer the following questions certified by the United States District Court for the District of South Carolina:

1. Under South Carolina law, is the limitation period in S.C. Code Ann. § 15-3-530(6) on injuries arising from wrongful death a condition precedent to the filing of an action (i.e., a qualification or condition restricting the right granted by the wrongful death statute) that would

preclude the relation back of the foreign personal representative's qualification in South Carolina and preclude these wrongful death/survival actions, or is this code provision merely a statute of limitation as that phrase is generally understood that would allow for the relation back of the qualification of the personal representative under South Carolina law and permit the maintenance of these actions?

2. Would the subsequent adoption of Rules 15(c) (pertaining to the relation back of amendments) and 17(a) (pertaining to the substitution of the real party in interest) of the South Carolina Rules of Civil Procedure allow for the relation back of any amendment to the complaint to assert the qualification in South Carolina of the foreign personal representative in a action which was otherwise timely?

3. Would the adoption of S.C. Code Ann. § 62-3-701, pertaining to the time for accrual of duties and powers of personal representatives, allow for the relation back of a personal representative's acts in filing timely wrongful death and survival actions prior to the qualification of the foreign representative in South Carolina?

## FACTS

This action involves a wrongful death claim brought by the deceased's widow. Vermon Thomas, a Michigan resident, sought treatment for chest pains at Roper Hospital in Charleston while vacationing in South Carolina. He was released that same day. Three days later, on July 11, 1990, Mr. Thomas died of cardiac arrest. His widow, Delbra Thomas, was appointed the supervised personal representative of the estate by a Michigan Probate Court. On June 2, 1993, Mrs. Thomas filed a complaint in the United States District Court for South Carolina alleging wrongful death and survival causes of action, based on the alleged negligence of the defendants.[1] Mrs. Thomas' complaint stated that she was the duly appointed personal representative of the estate of Vermon Thomas as established by the Michigan Probate Court.

---

[1] Defendants provided medical care to Mr. Thomas while at Roper Hospital in Charleston.

The defendants answered claiming that Mrs. Thomas lacked capacity to sue because she failed to allege her qualification and/or appointment as personal representative in South Carolina. Subsequently, Mrs. Thomas filed with the Charleston County Probate Court an authenticated copy of her Michigan Probate Court appointment as personal representative. However, this was done after the three-year period for commencing an action under the wrongful death statue had expired. S.C. Code Ann. § 15-3-530(6) (1977). A month later Mrs. Thomas moved to amend her complaint to add allegations relating to her appointment as personal representative in South Carolina. The defendants moved for dismissal because plaintiff was not duly qualified as a personal representative under South Carolina law when the complaint was filed. The District Court asked this Court to answer the above questions before it rules on the defendants' motions to dismiss.

## ANALYSIS

The essence of the first certified question is whether it is a condition precedent to bringing a wrongful death action that it be commenced by a person acting in the legal capacity of the personal representative.

An action for wrongful death must be commenced within three years of the death of the person on account of whose death the action is brought. § 15-3-530(6). A wrongful death action must be brought by or in the name of the executor or administrator. S.C. Code Ann. § 15-51-20 (Supp. 1993). A foreign personal representative may acquire the powers of a local personal representative by filing with the probate court authenticated copies of the appointment and bond. S.C. Code Ann. § 62-4-205 (Supp. 1993).

Mrs. Thomas filed her complaint within the three-year limitation period. However, she did not comply with S.C. Code Ann. § 62-4-205 by providing proof of her foreign appointment and bond prior to expiration of the limitation period for filing a wrongful death action. Based on prior law, Mrs. Thomas' action would have been barred because she lacked legal authority under South Carolina law at the time of filing and therefore, the wrongful death action was a nullity. *See Cockroft v. Airco Alloys, Inc.*, 276 S.C. 184, 277 S.E. (2d) 587 (1981); *Glenn v. E.I. DuPont De Nemours & Co.*, 254 S.C. 128, 174

S.E. (2d) 155 (1970); *Dennis v. Atlantic Coast Line Ry.*, 70 S.C. 254, 49 S.E. 869 (1904).

Under prior South Carolina law, Mrs. Thomas did not have the capacity to bring an action at the time the complaint was filed because she was not recognized as a personal representative. Formerly, an administrator appointed by a foriegn jurisdiction had no legal capacity to sue under the act. *Coburn v. Coleman*, 75 F. Supp. 107 (W.D.S.C. 1947). The new probate code represents a departure from the common law requirement of local appointment by the court and the creation of a South Carolina estate as a condition precedent to acting in a lawful capacity as representative. No longer is the Probate Court required to determine the qualifications of a personal representative appointed in another state. S.C. Code Ann. § 62-4-205 (Supp. 1993). Nor is the Probate Court required to appoint and issue letters to a nonresident personal representative. S.C. Code Ann. § 62-4-204 (1987). Now, the foreign representative is approved upon providing proof of the foreign appointment and bond. S.C. Code Ann. § 62-4-205 (Supp. 1993). Under prior law the probate court had discretionary powers to determine whether to qualify a foreign representative. Now the acts of the probate court regarding personal representatives appointed in another state are ministerial. The foreign personal representative in this case was validly appointed under Michigan law and was not required to be separately qualified in South Carolina but, merely needed to provide proof of her appointment and bond.

The rule prohibiting an amendment to relate back was established when the period of limitation was a part of the wrongful death act. The limitation period has been moved from the wrongful death act to the general statute for limitation of civil actions. § 15-3-530(6). This change indicates a legislative intent to no longer consider it a condition precedent to a wrongful death action, but rather a statute of limitations that would allow the relation back of an amendment. This coupled with the adoption of the Uniform Probate Code lead to a different result considering the more liberal attitude now given to foreign personal representatives.

The adoption of the South Carolina Rules of Civil Procedure (SCRCP) also impacts our decision. Before the adoption of the SCRCP, a wrongful death complaint commenced by a foreign

personal representative who had not been locally appointed could not be amended after the expiration of the limitation period to show the local qualification. Our older cases were predicated on the principle that a change in the plaintiff's capacity to sue amounted to bringing a new cause of action. It was also the rule that any amendment to a complaint which stated a new cause of action was not allowed if the statute of limitations had expired.

Rule 17(a), SCRCP, Real Party in Interest, provides as follows:

> Every action shall be prosecuted in the name of the real party in interest. . . . No actions shall be dismissed on the ground that it is not prosecuted in the name of the real party in interest until a reasonable time has been allowed, after objection, for ratification of commencement of the action by, or joinder or substitution of, the real party in interest; and such ratification, joinder, or substitution shall have the same effect as if the action had been commenced in the name of the real party in interest.

The Reporter's Note to Rule 17(a), SCRCP states the rule is intended to prevent forfeiture in those cases in which the determination of the proper party to sue is difficult or when there has been an honest mistake. Rule 17(a) has changed the result when the amended pleading merely amplifies the old cause of action, provided that the defending party was originally placed on notice of the events involved. The real party in interest is no longer precluded from being named plaintiff, after the statute of limitations has run on a claim timely filed by one who lacked capactiy to sue because he was not the real party in interest. *Davis v. Piper Aircraft Corp.*, 615 F. (2d) 606 (4th Cir. 1980), *cert. denied*, 448 U.S. 911, 101 S.Ct. 25, 65 L.Ed. (2d) 1141 (1980). Instead a reasonable time must be allowed after objection for ratification of commencement of the action and it has the same effect as if the action had been commenced in the name of the real party in interest. We find that the current Rule 17(a) changes existing State law where the action was brought within the applicable limitations and the real party in interest joined and ratified the action shortly thereafter in accordance with the requirements of Rule 17(a).

Rule 15(c), SCRCP provides in pertinent part as follows:

"[w]henever the claim or defense asserted in the amended pleading arose out of the conduct, transaction or occurrence set forth or attempted to be set forth in the original pleadings, the amendment relates back to the date of the original pleading."

The purpose of Rule 15(c) is to salvage causes of action otherwise barred by the statute of limitations. *See Hiers by Hiers v. Mullens*, 310 S.C. 63, 425 S.E. (2d) 57 (Ct. App. 1992). The test to be used in determining whether or not an amendment should be allowed to relate back under Rule 15(c) to the date of the original pleading to avoid the statute of limitations, is found in the language of the Rule; specifically, whether the claim or defense asserted in the amended pleading arose out of the conduct, transaction or occurrence set forth in the original pleading.

Rule 15(c) is based on the concept that once litigation involving particular conduct or a given transaction or occurrence has been instituted, the parties are not entitled to the protection of the statute of limitations against the later assertion by amendment of defenses or claims that arise out of the same conduct, transaction, or occurrence as set forth in the original pleading. Wright & Miller, *Federal Practice and Procedure* § 1496 (1990). In *Davis v. Piper Aircraft Corp.*, 615 F. (2d) 606 (4th Cir. 1980), *cert. denied*, 448 U.S. 911, 101 S.Ct. 25, 65 L.Ed. (2d) 1141 (1980) the issue of a subsequently appointed foreign representative was addressed. The court in *Davis* found that Rule 15(c) authorized the relation back of the foreign representative's qualification to the commencement of the wrongful death action. A number of courts have applied Rule 15(c) to allow relation back of amendments in wrongful death actions where the personal representative was not properly appointed. See *Davis, supra; Slaughter v. Southern Talc Co.*, 949 F. (2d) 167 (5th Cir. 1991); *Santana v. Holiday Inns, Inc.*, 686 F. (2d) 736 (9th Cir. 1982); *Burcl v. North Carolina Baptist Hosopital, Inc.*, 306 N.C. 214, 293 S.E. (2d) 85 (1982).

The subsequent adoption of Rules 15(c) and 17(a), SCRCP allow for the relation back of an amendment to the complaint to assert the qualification in South Carolina of the foreign personal representative in an action which was otherwise timely.

While our older cases answered this question negatively, our present Rules of Civil Procedure 15(c) and 17(a) require that such a pleading now be permitted. The rationale of the older cases was based on the idea that a change in plaintiff's capacity to sue was tantamount to bringing a new cause of action. The rule does not defeat the legitimate use of the statute of limitations. It, however, prevents the defendant from defeating the plaintiff's claim on a technicality in the pleading. We find that relation back of an amendment to assert the qualification under South Carolina law can be allowed.

We decline to address the District Court's third question since our analysis of the first two questions is dispositive.

Certified questions answered.

CHANDLER, C.J., MOORE and WALLER, JJ., and JASPER M. CURETON, Acting Associate Justice, concur.