**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Jane Doe, Appellant,

v.

Oconee Memorial Hospital; Greenville Health System; Upstate Affiliate Organization; Kevin Docyk, MD; Mary Beth Hendricks, Respondents.

Appellate Case No. 2019-002011

———————

Appeal from Oconee County
R. Scott Sprouse, Circuit Court Judge

———————

Unpublished Opinion No. 2022-UP-358
Heard October 13, 2021 – Filed September 21, 2022

———————

**REVERSED AND REMANDED**

———————

Courtney Celeste Atkinson and Hannah Rogers Metcalfe, both of Metcalfe & Atkinson, LLC, of Greenville, for Appellant.

Kenneth Norman Shaw, of Haynsworth Sinkler Boyd, PA, of Greenville, for Respondents.

———————

**PER CURIAM:**  Doe appeals the circuit court's October 2019 order dismissing her claims for bailment and implied bailment, arguing the circuit court erred in failing to conclude pursuant to Rule 15(c), SCRCP, that her claims relate back to the December 5, 2017 filing of her original complaint.[1]  We reverse and remand.

**FACTS AND PROCEDURAL HISTORY**

On December 5, 2018, Doe filed a complaint against Oconee Memorial Hospital (the Hospital), Greenville Health System (GHS), Dr. Kevin Docyk, Mary Beth Hendricks, and Upstate Affiliate Organization (collectively, Respondents), alleging causes of action for breach of contract, implied breach of contract, bailment, and implied bailment.[2]  Respondents moved to dismiss the complaint, arguing GHS was the only proper plaintiff, that it was a governmental entity within the meaning of the South Carolina Tort Claims Act (the Act),[3] and that Doe's causes of action for bailment and implied bailment were therefore barred by the Act's two-year statute of limitations.[4]  Doe argued the circuit court erred in dismissing her original complaint without allowing her the opportunity to amend and that under Rule 15(c), her claims should relate back to the filing of her original 2017 complaint.

On October 31, 2019, the circuit court issued an order granting Respondents' motion to dismiss Doe's claims for bailment and implied bailment based on the expiration of the Act's two-year statute of limitations.  Thereafter, the circuit court denied Doe's motion to reconsider.  This appeal followed.

**ISSUE ON APPEAL**

Did the circuit court err in dismissing Doe's complaint as time-barred based on the expiration of the statute of limitations?

---

[1] This is a companion case to *Doe v. Oconee Memorial Hospital*, Op. No. 5945 (S.C. Ct. App. filed Sept. 21, 2022), in which we affirmed in part, reversed in part, and remanded the matter to the circuit court in a separate opinion.

[2] On the same date, Doe filed a notice of intent to file a medical malpractice action against Respondents; however, Doe filed a separate appeal of the circuit court's decision in that action.  We decided that appeal in *Doe v. Oconee Memorial Hospital*, Op. No. 2022-UP-357 (S.C. Ct. App. filed Sept. 21, 2022).

[3] S.C. Code Ann. §§ 15-78-10 to -220 (2005 & Supp. 2021).

[4] § 15-78-110 (providing "any action brought pursuant to this chapter is forever barred unless an action is commenced within two years after the date the loss was or should have been discovered").

**LAW AND ANALYSIS**

Doe argues the circuit court erred in dismissing her claims based on the expiration of the statute of limitations. We agree.

"In reviewing the dismissal of an action pursuant to Rule 12(b)(6), SCRCP, the appellate court applies the same standard of review as the trial court." *Doe v. Marion*, 373 S.C. 390, 395, 645 S.E.2d 245, 247 (2007). "In considering a motion to dismiss a complaint based on a failure to state facts sufficient to constitute a cause of action, the trial court must base its ruling solely on allegations set forth in the complaint." *Id.*

Rule 15(c) provides that "[w]henever the claim or defense asserted in [an] amended pleading arose out of the conduct, transaction or occurrence set forth or attempted to be set forth in the original pleadings, the amendment relates back to the date of the original pleading." "The purpose of Rule 15(c) is to salvage causes of action otherwise barred by the statute of limitations." *Thomas v. Grayson*, 318 S.C. 82, 88, 456 S.E.2d 377, 380 (1995).

Doe's claims for bailment and implied bailment arise from her December 5, 2015 visit to the Hospital during which she informed medical staff that she believed she had been drugged and sexually assaulted. Doe commenced a first action against the Hospital and GHS on December 5, 2017, regarding their conduct in performing a sexual assault forensic examination. In that matter, Doe requested leave to amend her complaint pursuant to Rule 15(a), SCRCP. As part of her motion to amend, Doe sought to add claims for bailment and implied bailment. The circuit court dismissed Doe's complaint without giving her the opportunity to amend her pleadings and she appealed. In *Doe v. Oconee Memorial Hospital*, Op. No. 5945 (S.C. Ct. App. filed Sept. 21, 2022), we held the circuit court erred in dismissing Doe's complaint without first allowing her an opportunity to amend her pleadings. In light of this decision, we reverse the circuit court's determination that Doe's claims for bailment and implied bailment were barred by the statute of limitations and remand this matter for the circuit court's consideration under Rules 15(a) and 15(c).[5]

---

[5] Doe brought her medical malpractice claims and bailment and contract claims as two separate actions because the circuit court did not allow her an opportunity to amend her original complaint. Because we have reversed and remanded based on the circuit court's failure to allow Doe the opportunity to amend, we assume that,

**CONCLUSION**

Accordingly, the circuit court's dismissal of Doe's claims for bailment and implied bailment is

**REVERSED AND REMANDED.**

**WILLIAMS, C.J., MCDONALD, J., and LOCKEMY, A.J., concur.**

---

upon remand, she will address all of these claims in one action to allow the circuit court to take appropriate action.