**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Jane Doe, Appellant,

v.

Oconee Memorial Hospital; Greenville Health System; Upstate Affiliate Organization; Kevin Docyk, MD; Mary Beth Hendricks, Respondents.

Appellate Case No. 2019-002009

———————

Appeal from Oconee County
R. Scott Sprouse, Circuit Court Judge

———————

Unpublished Opinion No. 2022-UP-357
Heard October 13, 2021 – Filed September 21, 2022

———————

**REVERSED AND REMANDED**

———————

Courtney Celeste Atkinson and Hannah Rogers Metcalfe, both of Metcalfe & Atkinson, LLC, of Greenville, for Appellant.

Kenneth Norman Shaw, of Haynsworth Sinkler Boyd, PA, of Greenville, for Respondents.

———————

**PER CURIAM:** Jane Doe appeals the circuit court's October 2019 order dismissing her medical malpractice action based on the expiration of the statute of

limitations, arguing the circuit court erred in failing to conclude pursuant to Rule 15(c), SCRCP, that her claims relate back to the December 5, 2017 filing of her original complaint.[1]  We reverse and remand.

## FACTS AND PROCEDURAL HISTORY

On December 5, 2018, Doe filed a notice of intent to file a medical malpractice action against Oconee Memorial Hospital (the Hospital), Greenville Health System (GHS), Dr. Kevin Docyk, Mary Beth Hendricks, and Upstate Affiliate Organization (collectively, Respondents).[2]  Doe filed her complaint alleging medical malpractice on May 13, 2019.  Respondents answered on July 1, 2019, asserting GHS was the only proper plaintiff and a governmental entity under the South Carolina Tort Claims Act (the Act).[3]  Respondents therefore argued the two-year statute of limitations set forth in the Act barred Doe's claims.

Respondents moved to dismiss Doe's claims based in part on the running of the statute of limitations.  The circuit court initially denied the motion but subsequently granted Respondents' motion to reconsider and held a hearing to consider the statute of limitations issue only.  Doe disputed Respondents' claims that the Act—and thus the two-year statute of limitations—applied.  Doe argued the circuit court erred in dismissing her original complaint without allowing her the opportunity to amend because under Rule 15(c), her medical malpractice claims should relate back to the filing of her original 2017 complaint.

On October 31, 2019, the circuit court issued an order dismissing Doe's medical malpractice claims.  The circuit court concluded Rule 15(c) did not apply because Doe's medical malpractice action was not an amendment to her original complaint but was instead a separate and distinct action.  The circuit court further ruled that even if her claims were treated as amendments to her original complaint, the

---

[1] This is a companion case to *Doe v. Oconee Memorial Hospital*, Op. No. 5945 (S.C. Ct. App. filed Sept. 21, 2022), in which we affirmed in part, reversed in part, and remanded the matter to the circuit court in a separate opinion.

[2] On the same date, Doe filed a third action against Respondents, alleging causes of action for breach of contract, breach of implied contract, bailment, and implied bailment.  The circuit court's October 2019 order addressed both actions; however, Doe filed a separate appeal of the circuit court's decision in the third action.  We decided that appeal in *Doe v. Oconee Memorial Hospital*, Op. No. 2022-UP-358 (S.C. Ct. App. filed Sept. 21, 2022).

[3] S.C. Code Ann. §§ 15-78-10 to -220 (2005 & Supp. 2021).

claims would still be barred because she could not amend her complaint to state new or different causes of action after the statute of limitations expired. Doe filed a motion to reconsider, which the circuit court denied. This appeal followed.

## ISSUE ON APPEAL

Did the circuit court err in dismissing Doe's complaint as time-barred based on the expiration of the statute of limitations?

## LAW AND ANALYSIS

Doe argues the circuit court erred in dismissing her claims based on the expiration of the statute of limitations.[4] We agree.

"In reviewing the dismissal of an action pursuant to Rule 12(b)(6), SCRCP, the appellate court applies the same standard of review as the trial court." *Doe v. Marion*, 373 S.C. 390, 395, 645 S.E.2d 245, 247 (2007). "In considering a motion to dismiss a complaint based on a failure to state facts sufficient to constitute a cause of action, the trial court must base its ruling solely on allegations set forth in the complaint." *Id.*

Rule 15(c), SCRCP, provides that "[w]henever the claim or defense asserted in [an] amended pleading arose out of the conduct, transaction or occurrence set forth or attempted to be set forth in the original pleadings, the amendment relates back to the date of the original pleading." "The purpose of Rule 15(c) is to salvage causes of action otherwise barred by the statute of limitations." *Thomas v. Grayson*, 318 S.C. 82, 88, 456 S.E.2d 377, 380 (1995).

Doe's claims for medical malpractice arise from her December 5, 2015 visit to the Hospital during which she informed medical staff that she believed she had been drugged and sexually assaulted. Doe commenced a first action against the Hospital and GHS on December 5, 2017, regarding their conduct in performing a sexual assault forensic examination. In that matter, the circuit court dismissed Doe's

---

[4] Doe additionally argues the circuit court erred in granting summary judgment in favor of Respondents before she had a full and fair opportunity to complete discovery. We note the circuit court's order did not grant summary judgment; rather, it dismissed Doe's claims pursuant to Rule 12(b)(6), SCRCP. Regardless, because we reverse and remand the circuit court's order, we need not address this issue.

complaint and she appealed. In *Doe v. Oconee Memorial Hospital*, Op. No. 5945 (S.C. Ct. App. filed Sept. 21, 2022), we held the circuit court erred in dismissing Doe's complaint without first allowing her an opportunity to amend her complaint pursuant to Rule 15(a), SCRCP. In light of this decision, we reverse the circuit court's conclusion Doe's medical malpractice claims in this action were barred by the statute of limitations and remand this issue for the circuit court's consideration under Rule 15(c), SCRCP.[5]

**CONCLUSION**

Accordingly, the circuit court's dismissal of Doe's medical malpractice action is

**REVERSED AND REMANDED.**

**WILLIAMS, C.J., MCDONALD, J., and LOCKEMY, A.J., concur.**

---

[5] Doe brought her medical malpractice claims and her claims for bailment and contract as two separate actions because the circuit court did not allow her an opportunity to amend her original complaint. Because we have reversed and remanded based on the circuit court's failure to allow Doe the opportunity to amend, we assume that, upon remand, she will address all of these claims in one action to allow the circuit court to take appropriate action.