ARIAIL v. ARIAIL.

1. In 1868 an administrator filed with the ordinary a return, in which
was struck a balance against himself, which he claimed to have fund-
ed in Confederate securities, and the ordinary endorsed this return as
follows: "Examined and passed and the administrator hereby dis-
charged from said administration;" but in fact this was not a correct
return. *Held*, that this act of the administrator in the proper public
office was a disavowal of his trust and the statute of limitations began
to run in his favor from the filing of this return.

2. This disavowal having been made in 1868, the case was governed by
the statute then of force, even as to minors who came of age after the
new statute of 1870. Adults were barred in 4 years and 9 months
(the administrator having died in 1870) from the date of the return,
and the infants in 4 years and 9 months after attaining their majority.

3. A judgment against the executor does not arrest the currency of the
statute in favor of devisees as to real estate devised and in their pos-
session.

4. Nor is it necessary to have a return of *nulla bona* on such judgment
before commencing action against the heirs to subject real estate de-
scended to the payment of this debt.

5. A question of fraud not made in the pleadings nor passed upon on
Circuit, cannot properly be raised in this court.

Before FRASER, J., Pickens, January, 1887.

This was an action by the distributees of John H. Ariail against
the devisees of John Ariail to subject the real estate devised to
the payment of the balance due by said John Ariail on account
of his administration of John H.'s estate. The defence, in part,
was the statute of limitations, and this defence depended mainly
upon the effect of the following return:

JOHN ARIAIL, adm'r, in account with the estate of JOHN H.
ARIAIL, deceased.

1868.                       DR.
Jan. 1. To amount due estate last return,          $2,695 97
                        CR.
        By deduction on widow's sale account, viz.,
            $1,847.03, and int. 1 year, $129.29,    1,976 32
                                                   ───────────
                                                    $ 719 65

1864.

| | | | | |
|---|---|---|---|---|
| ·By paid note to J. G. Craig, | $223 | 95 | | |
| " " Mrs. Mauldin's account, | 8 | 05 | | |
| " " E. Griffin, beef account, | 4 | 20 | | |
| " " tax, $3.16; stamps, 3.00,. | 6 | 16 | | |
| " " fees this final return, | 5 | 00 | | |
| " " adjusting widow's account, | 3 | 00 | | |
| " am't retained to pay dec'd one-half of debt to Joab Mauldin, adm'r, | 150 | 57 | | |
| " paid com's on $400.93 paid out, | 10 | 02 | 410 | 95 |
| | | | $ 298 | 70 |

DR.

| | | | |
|---|---|---|---|
| To W. S. Craig's old note, | | 30 | 55 |
| | | $ 329 | 25 |

This balance in Confederate certificate funded, the money funded being the money charged in my return as cash on hand, &c., 18 Feb'y, 1863.                JOHN ARIAIL.

Examined and passed and the administrator hereby discharged from said administration, Feb'y 18, 1868.

W. E. HOLCOMBE, O. P. D.

The decree of the Circuit Judge was as follows:

This cause came before me at the regular term of the court held in January, 1887, on the report of the referee and exceptions by plaintiffs and defendants. The action has been brought to subject the real assets of the testator, John Ariail, in the hands of the devisees under his will to the payment of an amount alleged to have come to his hands and unaccounted for by him as administrator of John H. Ariail, deceased, the father of the plaintiffs. I am inclined to the opinion that an administrator *de bonis non* of John H. Ariail ought to have been made a party to this action, and also a personal representative of Eliza M. Hendricks, the residuary devisee and legatee under the will of John Ariail. No objection as to want of proper parties has been raised either by demurrer or answer, and I will not in this case raise the objections on that account. Without answering the exceptions *seria-*

*tim*, I will take up the questions raised by them in what seems to me to be the most natural order.

1. As to the amount of the personal estate of John H. Ariail, which has not been accounted for by John Ariail, deceased, the testator, administrator of John H. Ariail, deceased. By the return filed by John Ariail, as administrator, 1st January, 1864, it appears that the amount of sales bill, with one year's interest and a few collections the administrator was chargeable with $6,-179.34. The three returns, 1864, 1866, and 1868, show credits for payments, including commissions, of only $1,524.32, leaving a balance of $4,655.02 to be accounted for. Mrs. Pickle's purchases, amounting to $2,748.81, were not settled until 18th February, 1868, and this cannot be the amount claimed to have been invested in Confederate securities in 1866, as shown by the return filed in that year. Now, that return shows a balance then to be accounted for in *notes* and *accounts* in sales bill of $2,695.97, which on its face seems to show that it was not the purchase of Mrs. Pickle at the sale, and which would not have been described by words which precisely mean "notes and accounts" due by *several* persons, and not by any one person, as Mrs. Pickle's indebtedness would have been. I therefore think that the investments in Confederate securities were made by the administrator with his own money.

There is something peculiar in the mode in which this balance of $2,695.97 was accounted for. It is not claimed that it was collected and paid out, nor that it was not collectible ; but the claim of $2,748.81 against Mrs. Pickle was reduced in 1868 to its value in good money, $901.28, and the difference, $1,847.53 and $129.29 interest on it, deducted from the full value of the other sale bill, notes and accounts, and without interest. If there has been any error, it has been in favor of the administrator, and these defendants have no just cause of complaint. The referee has charged against the estate of John Ariail, the administrator, only this sum of $901.28 and $30.55, the amount collected on a note, when there has been no account at all satisfactory to my mind of the $2,695.47 "accounts" and "notes" for the sale bill. I therefore see no error in the finding of the referee as to the amount for which John Ariail as administrator was

liable, which is prejudicial to the defendants. I concur with the referee also as to his other findings of fact.

2. As to the statute of limitations. The return made by the administrator, John Ariail, 18th February, 1868, to the ordinary of Pickens District, purports to be final, and the administrator was *dismissed* by him. This is such a final return as gave currency to the statute of limitations, and if the parties had been adults, the case would have run out in four years and nine months, as John Ariail died in August, 1870. The plaintiffs in this case were all then minors and came to the age of twenty-one years as follows: Lou P. Ariail, September, 1876; Robert F. Ariail, 19th August, 1879; Sarah J. Lesley, 7th August, 1880; and Eliza C. Ariail, 25th September, 1882. As I understand the rule, when such an act is done during infancy, as would give currency to the statute as to an adult, the statute is simply suspended during minority, and commences to run as soon as the minor comes of age. See *Motes* v. *Madden,* 14 S. C., 491, and the cases therein cited. If the statute commenced to run from this final return, 18th February, 1868, the bar was complete as to the several plaintiffs as follows: Lou P. Ariail, June, 1881; Robert F. Ariail, 19th May, 1884; Sarah J. Lesley, 7th May, 1885; and Elizabeth C. Ariail, 25th June, 1887, even if the nine months be added to the four years after attaining their majority.

On 13th February, 1883, an action was commenced by the plaintiffs in this case against Samuel A. Gary, as executor of John Ariail, deceased, administrator, and on 6th May, 1885, final judgment was rendered thereon in favor of all the plaintiffs for the amount above stated to be the balance unaccounted for and interest thereon. Execution was issued thereon, and a return of *nulla bona* made 6th July, 1885. It is admitted that there are no assets in the hands of Samuel A. Gary as executor. This action was commenced 10th July, 1885.

While it may be the rule that it is necessary to obtain a judgment and have a return of *nulla bona* against the personal representative before the creditor can follow the *personal estate* into the hands of a legatee or distributee, no such rule prevails as to real assets devised or descended. The statute of limitations, therefore, is not suspended until there can be a return of *nulla*

*bona.* When the statute commences to run, either before or after the death of the decedent, it runs for the same time and in the same way in favor of the personal representative and of the heir or devisee. Neither has the right to waive it as against the other. It does not follow, if the personal representative fails to plead the statute or in any way loses the benefit of it, that the heir or devisee cannot plead it in his own behalf when {sued for assets devised or descended, unimpaired by any act of or judgment against the personal representative.

I therefore hold that for the purposes of this action, the statute commenced to run as to adults, 18th February, 1868, and as to the minors was suspended until they severally attained majority; and continued to run until the commencement of this action, 10th July, 1885; that even if the nine months be added to the four years, the period of limitations in 1868, the claims of the plaintiffs, Lou P. Ariail, Robert F. Ariail, and Sarah J. Lesley, were barred before the commencement of this action. The claim of the other plaintiff, Eliza C. Ariail, has not been barred, and she is entitled to a judgment for three hundred and fifty 38–100 dollars ($350.38), with interest from 20th September, 1886, the date of the referee's report in this case.

Neither the children of John Ariail, who received advancements in his life-time and who are now living, nor the heirs of such of them as have died, can be called on by the devisees under the will to contribute to the payment of the liabilities of the estate. The plaintiffs in this action have a right to call on the devisees as to real estate which came to their hands, and are not bound to call in as a party the personal representative of Eliza M. Hendricks, the legatee and devisee of the residuary estate. George Hendricks, the minor defendant, is the only heir of Eliza M. Hendricks, and is liable to the extent to which he has come into possession of real estate as her heir, which came to him through her either directly or as residuary devisee under the will. Residuary estate is first liable.

It is therefore ordered, that the complaint as to Lou P. Ariail, Robert F. Ariail, and Sarah J. Lesley be dismissed, and that they do each pay their own costs. It is ordered, that Eliza C. Ariail have judgment for the sum of three hundred and fifty 38-

100. dollars ($350.38), with interest from the date of the report, to be paid first out of the residuary real estate, if any, in the hands of George Hendricks, as heir of Eliza M. Hendricks, and if any balance remains unpaid after exhausting the residuary real estate in the lands, that the same be paid by all of the defendants out of and in proportion to the value of the real estate of John Ariail, deceased, which has come to their hands respectively.

It is ordered, that it be referred to S. P. Dendy, as referee, to inquire and report what is the value of the said real estate, whether residuary or otherwise, which has come to the hands of the defendants respectively, and that parties have leave on the coming in of said report to apply for any order proper to carry out this decree.

The costs of this action against Samuel A. Gary, as executor of John Ariail, cannot be allowed in this case. It is ordered, that the other costs in this case, not heretofore provided for, be paid out of the said real estate in the same way and in the same proportion as the sum ordered to be paid to Eliza C. Ariail.

Lou P. Ariail, Robert F. Ariail, and Sarah J. Lesley, plaintiffs, appealed on the following grounds:

I. Because, having fully sustained the findings of fact of the referee as to the indebtedness of the estate of John Ariail, deceased, to the plaintiffs, his honor erred in his conclusions of law, that the plaintiffs, Lou P. Ariail, Robert F. Ariail, and Sarah J. Lesley, were barred by the statute of limitations of their claims before the commencement of this action on the 10th July, 1885.

II. Because his honor erred in his conclusions of law, that the period of limitations as to these plaintiffs began to run on their arrival at the age of twenty-one years, respectively, and each was barred at the expiration of four years and nine months after that time, without reference to the action of plaintiffs against the executor of John Ariail, deceased, by which a judgment was obtained against said executor and filed in this court on the 6th of May, 1885 (and not on the 6th of May, 1886, as found in said decree), for the sum of $1,450.70, and a return of *nulla bona* made on the 6th of July, 1885 (and not on the 6th of July, 1886, as stated in said decree), while his honor should have held that the statute

did not begun to run, or if so, was arrested by the action against the executor of John Ariail, deceased, brought on the 13th of February, 1883, until judgment was rendered and a return of *nulla bona* made thereon.

III. Because the plaintiffs had no right of action against defendants, legatees and devisees of John Ariail, deceased, until judgment obtained against his executor, S. A. Gary, and return thereon, showing no assets in his custody or control to pay the indebtedness to plaintiffs, and no one not barred at the beginning of said action, February 13, 1883, was barred in law at the beginning of the present action against the devisees of John Ariail, deceased, and his honor should have so held as matter of law.

IV. [Abandoned.]

V. Because the paper filed in the office of the ordinary of Pickens District, purporting to be a final settlement of the estate of John H. Ariail by the administrator, John Ariail, shows on its face that it was not, and could not be, a final settlement of said estate, but that there were still notes and outstanding demands due the estate of John H. Ariail, the collection of which was the duty of the administrator, and on its face it was not an act which should give currency to the statute, and his honor should have so held.

VI. Because the funding by John Ariail, administrator of the estate of John H. Ariail, of his own worthless currency of the Confederate States, and holding to his own use in place thereof valid and valuable securities of the estate of his intestate, was a fraud on the plaintiffs, who were minor children of John H. Ariail, which fraud was not and could not be discovered until the action of plaintiffs against S. A. Gary, executor of John Ariail, in the trial of which action it was brought out, and his honor should have held that the plaintiffs were not barred until the lapse of six years from the discovery of the fraud.

VII. Because the decree of his honor is otherwise erroneous and contrary to law, especially in holding that the statute of limitations was not suspended pending the action of plaintiffs against the executor of John Ariail, deceased, until judgment rendered and a return of *nulla bona* made, and he should have held the plaintiffs were not barred.

The defendant, George Hendricks, also appealed, his grounds being as follows :

1st. Because the Circuit Judge erred in not holding that the claim of said Eliza C. Ariail was barred by the statute in one year after she attained her majority, and dismissing the complaint as to her also.

2nd. Because the said Eliza C. Ariail having attained her majority on the 25th of September, 1882, and this action having been commenced on the 10th of July, 1885, more than one year had expired after the disability of infancy was removed before this action was commenced, and the Circuit Judge should have dismissed the complaint as to her.

3rd. Because the Circuit Judge should have held and decreed that the claim of the plaintiff, Eliza C. Ariail, was barred by the statute of limitations, and dismissed the complaint.

*Messrs. Keith & Hollingsworth*, for plaintiffs.

*Mr. M. F. Ansel*, contra.

June 30, 1888. The opinion of the court was delivered by

MR. CHIEF JUSTICE SIMPSON. The facts of this case will be found stated in the decree of his honor, the presiding judge, T. B. Fraser, hereto appended. Also, see exceptions appended.

It will be seen from the decree, that Judge Fraser held the claims of the three plaintiffs, Lou, Robert, and Sarah, barred by the statute of limitations. The appeal of said plaintiffs assigns error to this holding. This question, which is the main and vital question in the case, depends upon other subsidiary questions which his honor considered and decided, as involved in and leading up to this main question. They are therefore also before us. These questions are : first, was the settlement of John Ariail, made before the ordinary of Pickens District in February, 1868, and his discharge, an act throwing off his trust such as gave currency to the statute ? And if so, second, did his honor err in holding that the statute began to run as to each of the plaintiffs as they reached their majority respectively, and that each was barred at the end of four years and nine months from said major-

ity, notwithstanding the action of said plaintiffs against the exe-
cutor of John Ariail in 1883, and judgment thereon in May,
1885, for the sum of $1,450.70, and a return of *nulla bona* made
in July, 1885? Third. Should not his honor have held that
there was fraud in the conduct of John Ariail in the management
of the estate of John H. Ariail, which, not being discovered until
the action of plaintiffs against his executor, above, prevented
the statute from operating as a bar until the lapse of six years
from the discovery of said fraud?

John Ariail died in August, 1870, leaving a will in which he
devised his real estate to the defendants and to Eliza M. Hen-
dricks, *née* Ariail, his children. The last named died intestate
after her father, leaving the defendant, George Hendricks, her
only heir at law. John Ariail had administered upon the estate
of John H., deceased, the father of the plaintiffs, and he died
some two years or more after his settlement and discharge in
1868, above mentioned. In 1883, some thirteen years after the
death of John, and fifteen years after his settlement and dis-
charge aforesaid, the plaintiffs brought action against his execu-
tor, one Gary (the action above referred to), in which they ob-
tained a judgment for $1,450.70, May 6, 1885. The cause of
action in this suit is not stated in the "Case"; we suppose, how-
ever, it was based on alleged errors in the settlement of the said
John in 1868. A *nulla bona* return was made on the execution
issued upon said judgment July 6, 1885. Whereupon the action
below was immediately commenced, to wit, on July 9, 1885, the
purpose of which was to subject the real estate devised to the
defendants by the said John Ariail to the payment of said judg-
ment. In other words, it is an action to subject real estate de-
vised in the possession of the devisee to the payment of an alleged
debt of their ancestor.

Doubtless there were errors in the settlement made by John
Ariail, administrator, in 1868, of the estate of his intestate, John
H. Ariail. The referee so found, and the Circuit Judge con-
curred in said finding. And if the rules of law applicable to
such cases allowed, this court would not hesitate to have them
corrected. But the question before us is not whether errors
were committed in said settlement, but whether it can now be

opened—whether the statute has not shut the door—whether the statute prevents us from going behind the discharge.

The statute of limitations may sometimes work a great hardship in special cases, but under the principle that litigation and contention must have an ending, and that the repose and quiet of the many compensates for the loss of the few, such statutes have been adopted and strictly enforced in most countries as wise, and as contributing to the best interests of society. Such is the doctrine in this State. We cannot, therefore, base our judgment in this case upon the fact merely of said errors. Indeed, if the statute applies, we cannot judicially know of such errors, much less allow them to influence our conclusions.

We think the ruling of the Circuit Judge, that the settlement and dismissal of John Ariail in 1868, was a disavowal of his trust as administrator, was in accordance with the law of this State, as laid down in several cases, especially in the case of *Fricks* v. *Lewis*, the last case on this subject, found in 26 S. C., 237. See also the cases there cited, to wit: *Payne* v. *Harris*, 3 Strob. Eq., 42; *Pettus* v. *Clawson*, 4 Rich. Eq., 101; and *Brockington* v. *Camlin*, 4 Strob. Eq., 196. In *Fricks* v. *Lewis*, this court held that an order of the Probate Court granting a final discharge to an administrator, on his *ex parte* application, was a disavowal of the trust on the part of the administrator, and gave currency to the statute ; and further, "that acts done in a proper public office, and open to inspection, are notice to all interested." And the language of Willard, C. J., in the case of *Renwick* v. *Smith* (11 S. C., 303), was quoted, where he said : "The currency of the statute does not necessarily depend upon the fact of a full and final discharge of the duty of the administrator. It commences to run when it appears that the administrator has done some act, brought to the notice of the parties affected by it, equivalent to an abandonment of such office, although such act may be in itself wrongful." And Mr. Justice McIver, who delivered the opinion in *Fricks* v. *Lewis*, after stating as above, that acts done in a proper public office was notice, &c., further said, "that it was not necessary to show that notice had been brought home to those interested."

The Circuit Judge having found that the return of John Ariail

to the ordinary of Pickens District in 1868, purported to be final, and that he was then dismissed, and that these acts constituted a disavowal of the trust, in which we think he is sustained by the authorities, and there being nothing in the case which can bring it under the cases of *Riddle* v. *Riddle* (5 Rich. Eq., 37); *Renwick* v. *Smith* (11 S. C., 303); or *Dickerson* v. *Smith* (17 *Id.*, 305), in which a modification of the above rule was applied, the conclusion of the Circuit Judge, that this disavowal gave currency to the statute, necessarily followed.

The next question in order is, did the action of these plaintiffs in 1883, against Gary, the executor of John Ariail, arrest the statute as to the defendants, devisees, and give it a new starting point either at the commencement of said action or at the judgment obtained therein in 1885 ? The Circuit Judge held that it did not. In *Bird* v. *Houze* (Speer Eq., 256), the court held that although under the statute of George II. lands in the possession of the heir are liable for the payment of the simple contract debts of the ancestor, yet in that case the cause of action must be established against the heir, and he is not bound by a judgment against the executor or administrator, to which he was neither party nor privy; saying that it was so decided in *Vernon* v. *Valk*, 2 Hill Ch., 261. A devisee occupies the same position as the heir as to this matter, and the same doctrine applies to each. True, in *Bird* v. *Houze*, the judgment obtained against the administrator was upon a note which was out of date before the action was commenced, and the administrator failed to plead the statute; but the ground upon which it was held that said judgment did not bind the heir, was because he was neither a party nor a privy to the action against the administrator, and that the law required that the debt should be established against him (the heir) before the lands descended could be reached.

If this be good law in this State (and it must be, as *Bird* v. *Houze* has never been questioned), how could plaintiffs' judgment have any effect upon the rights of these defendants as devisees ? They were neither privies nor parties to said judgment. They neither appeared in it, nor had they the right to so appear. The doctrine of *Houze* and *Bird* was reaffirmed in *Gilliland* and *Howell* v. *Caldwell* (1 S. C., 197), where Chief Justice Moses

said : "The statute of George II. does make descended lands in the possession of the heirs liable for the payment of the debts of the ancestor, but the cause of action must be established against them in a suit to which they are parties, and they are not bound by a judgment against the administrator, to which they are neither parties or privies"—citing *Bird* v. *Houze, supra; Vernon* v. *Valk, supra;* and *Drayton* v. *Marshall,* Rice Ch., 387.

The judgment against the executor, then, having no effect whatever upon the heirs or devisees, and it being necessary that plaintiffs' cause of action, if any, should be established against them in a suit to which they are parties, as in the case below, we think they had the right to set up any defence available at the time, including the statute of limitations, without regard to the action against the executor of their father in 1883, which, in our judgment, did not arrest the currency of the statute commencing in 1868. Nor was it necessary to have a return of *nulla bona* on said judgment before action accrued against the devisees. *Reeder* v. *Speake,* 4 S. C., 293 ; *Lanier* v. *Griffin,* 11 *Id.,* 582. Conceding that the statute of limitations of force before the adoption of the code is to prevail, which is admitted by the plaintiffs, appellants, then the four years and nine months applied by the Circuit Judge, properly barred all of the plaintiffs except Eliza C., who was decreed to have judgment for $350.38, with interest from September 20, 1886.

The case of *Shaw* v. *Barksdale,* 25 S. C., 204, upon which the plaintiffs, appellants, in part rely, was a different case from the one at bar. In that case, the question involved was the presumption of payment from lapse of time ; here it is the bar of the statute of limitations. Shaw *v.* Barksdale, therefore, is not in conflict, nor has it any application here.

As to the relief asked on the ground of fraudulent conduct in the administrator. There are no allegations in the complaint raising this question ; nor that said fraud was discovered within the statutory period. Nor did his honor make any ruling below on this subject. This matter, therefore, is not before us.

The defendants also appealed, upon the ground that his honor erred in not holding that Eliza C. Ariail was barred also, she having attained her majority on September 25, 1882 ; and there-

fore that more than one year having expired after the disability of infancy was removed before action brought, she was barred. This is based upon the theory that the statute in force since the code applies. We think that his honor was correct in holding otherwise. *Motes* v. *Madden*, 14 S. C., 488.

It is the judgment of this court, that the judgment of the Circuit Court be affirmed.