2211

John F. ADKINS and Mary F. Hutto for Stephen Wayne Adkins, deceased, of whom John F. Adkins is, Respondent, and Mary F. Hutto is, Appellant v. COMCAR INDUSTRIES, INC., and The Hartford, Defendants.

(447 S.E. (2d) 228)

Court of Appeals

*Andrew N. Safran, Lourie, Curlee, Barrett & Safran,* Columbia, and *Karen K. Martin, Martin & Martin,* Barnesville, GA, *for appellant.*

*Michael W. Millians, Allgood, Childs, Mehrhof & Millians,* Clearwater, *for respondent.*

Heard Mar. 8, 1994.

Decided July 25, 1994; Reh. Den. Aug. 31, 1994.

SHAW, Judge:

In this workers' compensation case, respondent, John F. Adkins, sought to recover benefits for the death of his son, Stephen Wayne Adkins. The deceased's mother, Mary F. Hutto, disputed the father's entitlement to any death benefits. The single commissioner and full commission ruled the father was not entitled to receive any benefits. The circuit court reversed finding the father was entitled to benefits under S.C. Code Ann. § 42-9-140 (Supp. 1993). The mother appeals. We affirm.

The facts of this case are largely undisputed. Stephen Wayne Adkins was born to John F. Adkins and Mary F. Hutto on September 20, 1964. Less than one year later, Mr. Adkins and Mrs. Hutto were divorced. Although the father was required by court order to pay child support of $10.00 per week for Stephen Wayne Adkins, he paid a total of only $20.00 during his son's life. The father had minimal contact with his son after the parties separated, and admitted he had seen his son only three times over the last twelve years of his son's life. No legal action was ever taken to formally establish the father had abandoned his son. Neither is there any evidence his parental rights were terminated.

Following a hearing on the matter, the commission found the respondent "intentionally, wilfully and voluntarily refused

to provide Stephen Wayne Adkins with this legally mandated support" and that he "abandoned his son long before this child's death." The commission thus concluded respondent was not a "father" within the meaning of S.C. Code Ann. § 42-9-140 (Supp. 1993) and consequently, was not entitled to receive any benefits. Alternatively, the commission ruled it had the discretion to apportion any death benefits under the statute to the mother and father as dictated by the particular facts of each case and it was inappropriate under the facts of this case to award any benefits to the respondent. The circuit court reversed finding the commission improperly interpreted § 42-9-140(B) and ruled the mother and father were entitled to equal benefits under the statute.

S.C. Code Ann. § 42-9-140(B) provides as follows:

> If the deceased employee leaves no dependents or nondependent children, the employer shall pay the commuted amounts provided for in Section 42-9-290 for whole dependents, less burial expenses which must be deducted from those commuted amounts, to his father and mother, irrespective of age or dependency.

The primary function of the court in interpreting a statute is to ascertain the intention of the legislature. *Wright v. Colleton County School District*, 301 S.C. 282, 391 S.E. (2d) 564 (1990). In construing a statute, its words must be given their plain and ordinary meaning without resorting to subtle or forced construction to limit or expand the statute's operation. *First Baptist Church of Mauldin v. City of Mauldin*, 308 S.C. 226, 417 S.E. (2d) 592 (1992). The court cannot read into a statute something that is not within the manifest intention of the legislature as gathered from the statute itself. *Laird v. Nationwide Insurance Co.*, 243 S.C. 388, 134 S.E. (2d) 206 (1964). To depart from the meaning expressed by the words is to alter the statute; to legislate and not to interpret. *Id.* However, this court has no legislative powers. *Busby v. State Farm Mutual Automobile Ins. Co.*, 280 S.C. 330, 312 S.E. (2d) 716 (Ct. App. 1984). Our sole function is to determine and, within constitutional limits, give effect to the intention of the legislature while the responsibility for the justice or wisdom of legislation rests exclusively with the legislature, whether or not we agree with the laws it en-

acts. *Id.* There is a marked distinction between liberal construction of statutes by which the court determines their true meaning, and the act of a court in ingrafting upon a law something that has been omitted, which the court believes ought to have been embraced. *Laird.*

Turning to the statute before us, we find no language supporting the commission's finding that the father could be denied benefits based on his failure to visit or support his son. The statute clearly states the employer shall pay benefits to the deceased employee's mother and father and places no restrictions nor conditions precedent upon the father or mother. The legislature, in its wisdom and view of justice, can require a parent to have maintained a relationship and supported a child before he or she may collect workers' compensation benefits for the death of that child, but, under the current wording of the statute, this court cannot.

We find no validity to the commission's finding that the respondent was not a "father" within the meaning of the statute. As noted, the statute clearly states the mother and father are entitled to benefits for the death of their child, but in no way attempts to define the word "father." Thus, the word "father" must be given its plain and ordinary meaning. Further, even if we were to resort to interpretation of the word "father," we find no basis for concluding respondent is not a "father" within the meaning of the statute.

In looking at the Wrongful Death Act and the distribution of monies recovered pursuant to that Act, it appears the only way a parent can be divested of his or her right to such monies is through the legal severance of the parent/child relationship. S.C. Code Ann. § 15-51-40 (1977) of the Wrongful Death Act provides that damages recovered in such an action are to be divided as they would had the deceased died intestate. S.C. Code Ann. § 62-2-109(3) (Cumm. Supp. 1993) of the Intestacy Statutes provides:

> If, for purposes of intestate succession, a relationship of parent and child must be established to determine succession by, through, or from a person: (3) a person is not the child of a parent whose parental rights have been terminated under § 20-7-1574 of the 1976 Code, except that the termination of parental rights is ineffective to disqualify

the child or its kindred to inherit from or through the parent.

S.C. Code Ann. § 20-7-1576 (1985) of the Termination of Parental Rights Acts contains a similar provision that an order terminating the relationship between a parent and child divests the parent and the child of all rights, powers and privileges with respect to each other, except the right of the child to inherit from the parent. In the case at hand, there is no evidence of any termination of parental rights.

Accordingly, we agree with the circuit court's finding that the commission was affected by an error of law in interpreting the statute. For the same reasons, we find the commission committed an error of law in determining it had the discretion to apportion the benefits based on the facts of the case. We therefore affirm the circuit court's determination that the benefits are to be divided equally.

The order below is

Affirmed.

HOWELL, C.J., and CURETON, J., concur.