537 S.E.2d 567

**Laurie JACKSON, Appellant,**

**v.**

**John DOE, a fictitious name representing an unidentified person driving an unidentified motor vehicle, and Costello Milligan, Defendants.**

**of whom Costello Milligan is, Respondent.**

**No. 3244.**

Court of Appeals of South Carolina.

Heard April 12, 2000.
Decided Sept. 25, 2000.

G. Thomas Hill, of Hill, Hill & Hill, of Ravenel, for appellant.

Stephen P. Groves, Sr., Randall C. Stoney, Jr., and Stephen L. Brown, all of Young, Clement, Rivers & Tisdale, of Charleston, for respondent.

STILWELL, Judge:

Laurie Jackson appeals the trial court's grant of summary judgment in favor of Costello Milligan, arguing the court erred in finding the statute of limitations had expired. We affirm.

## BACKGROUND

On April 1, 1994, as Jackson stood by the open door of a vehicle parked beside a gas pump at a service station, another

vehicle struck the car and then drove off. The impact caused the car door to hit Jackson and, as a result, she suffered head and facial injuries. Jackson did not know who was driving the other car.

On March 17, 1997, Jackson filed her initial action against the unknown driver pursuant to the statutory scheme established by state law.[1] John Doe answered the complaint and alleged that "[t]he parties to this matter know the identity of John Doe and the Defendant, John Doe, asks for this case to be dismissed."

Almost four and a half years after the accident, on September 15, 1998, Jackson was allowed by the court to amend her complaint to *add* Milligan as a defendant. The attorney representing John Doe agreed to the amendment. The amended complaint retained John Doe as a named party and identified him as an unknown driver, but then added Milligan in the caption as an additional defendant. The complaint also alleged that "the Defendant, John Doe, may have been identified and, upon information and belief, his name is COSTELLO MILLIGAN." Milligan answered the amended complaint, offering a general denial but specifically denying the paragraph that alleged John Doe had been identified as Costello Milligan. Milligan also asserted certain affirmative defenses, contending the action was barred by the applicable statute of limitations and, also, that the relation back provisions of Rule 15(c) of the South Carolina Rules of Civil Procedure did not apply in this circumstance.

Milligan then moved for summary judgment on the grounds of the affirmative defenses asserted in his answer. The trial court ruled in favor of Milligan, concluding that the relation back provision of Rule 15(c) did not apply and that the statute of limitations had expired.

## STANDARD OF REVIEW

■ "Summary judgment is appropriate when it is clear that there is no genuine issue of material fact and that the

---

1. S.C.Code Ann. §§ 38–77–170 (Conditions to Sue or Recover Under Uninsured Motorist Provision When Owner or Operator of Motor Vehicle Causing Injury or Damage is Unknown) (Supp.1999), –77–180 ("John Doe" Actions Against Unknown Defendant) (1989).

moving party is entitled to a judgment as a matter of law." *Cafe Assocs., Ltd. v. Gerngross,* 305 S.C. 6, 9, 406 S.E.2d 162, 164 (1991). "Our standard of review in evaluating a motion for summary judgment is to liberally construe the record in favor of the nonmoving party and give the nonmoving party the benefit of all favorable inferences that might reasonably be drawn therefrom." *Estes v. Roper Temp. Servs., Inc.,* 304 S.C. 120, 121, 403 S.E.2d 157, 158 (Ct.App.1991). Moreover, summary judgment is a drastic remedy which " 'should be cautiously invoked so that no person will be improperly deprived of a trial of the disputed factual issues.' " *Baughman v. American Tel. & Tel. Co.,* 306 S.C. 101, 112, 410 S.E.2d 537, 543 (1991) (quoting *Watson v. Southern Ry. Co.,* 420 F.Supp. 483, 486 (D.S.C.1975)).

## DISCUSSION

■ Jackson argues the trial court erred in granting summary judgment to Milligan. She contends that serving John Doe was the equivalent of serving Milligan and the service of process on John Doe tolled the applicable statute of limitations as to Milligan. We disagree.

South Carolina Code Ann. § 38–77–180 permits an injured party to file suit against an unknown owner or driver of a vehicle providing the injured party a means to collect uninsured motorist's coverage. That same section specifically allows the institution of an action against the real tortfeasor if his identity thereafter becomes known.[2] However, there is no provision specifically allowing John Doe and a later added or substituted party to be considered the same entity for purposes of tolling the statute of limitations. That fact, coupled with the fact that there is no mention of the statute of limitations and its relationship to any subsequent action against a later identified tortfeasor, leads to the inescapable conclusion that each statute must be separately construed and enforced according to its plain language. *See City of Colum-*

---

2. "However, the bringing of an action against the unknown owner or operator as John Doe or the conclusion of that action does not constitute a bar to the insured, if the identity of the owner or operator who caused the injury or damages complained of becomes known, from bringing an action against the owner or operator previously proceeded against as John Doe...." S.C.Code Ann. § 38–77–180 (1989).

*bia v. American Civil Liberties Union*, 323 S.C. 384, 387–88, 475 S.E.2d 747, 749 (1996) ("Where the terms of the statute are clear, the court must apply those terms according to their literal meaning."); *Paschal v. State Election Comm'n*, 317 S.C. 434, 436–37, 454 S.E.2d 890, 892 (1995) (opining that when statutory language is clear, this court has "no right to look for or impose another meaning," or "resort to subtle or forced construction in an attempt to limit or expand a statute's scope."); *Ariail v. Ariail*, 29 S.C. 84, 93, 7 S.E. 35, 40 (1888) ("The statute of limitations may sometimes work a great hardship in special cases; but under the principle that litigation and contention must have an ending, and that the repose and quiet of the many compensates for the loss of the few, such statutes have been adopted and strictly enforced in most countries, as wise, and as contributing to the best interests of society. Such is the doctrine in this state."); *Adkins v. Comcar Indus., Inc.*, 316 S.C. 149, 151–52, 447 S.E.2d 228, 230 (Ct.App.1994) (explaining that an appellate court "has no legislative powers. Our sole function is to determine and, within constitutional limits, give effect to the intention of the legislature while the responsibility for the justice or wisdom of legislation rests exclusively with the legislature, whether or not we agree with the laws it enacts." (internal citation omitted)), *aff'd*, 323 S.C. 409, 475 S.E.2d 762 (1996).

The Supreme Court of Virginia recently ruled on a similar case. In *Rivera v. Witt*, 257 Va. 280, 512 S.E.2d 558 (1999), the Virginia court distinguished its earlier decision of *Truman v. Spivey*, 225 Va. 274, 302 S.E.2d 517 (1983). In the *Truman* case, the court determined that its John Doe statute treated both a John Doe defendant and a later identified *uninsured* defendant as one entity. In *Rivera*, the only distinction was that the later identified tortfeasor who was originally sued as John Doe was an *insured* motorist. The *Rivera* court concluded, "there is nothing in the uninsured motorist statute which suggests that, under the facts of this case, Doe and Witt should be treated as the same entity; therefore, the statute of limitations applies to each of them individually." *Id.* at 560.[3]

***

**3.** In 1999, Virginia's uninsured motorist's statute was amended. It now provides in pertinent part:

The bringing of an action against an unknown owner or operator as John Doe shall toll the statute of limitations for purposes of bringing

While not controlling on this court, the reasoning of the Virginia court is persuasive.

█ We turn now to the allied question of whether Jackson's amendment related back to her original complaint. Milligan argued, and the circuit court agreed, that the relation back provision of Rule 15(c) of the South Carolina Rules of Civil Procedure did not save Jackson's cause of action against Milligan.

Rule 15(c) provides:

Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction or occurrence set forth or attempted to be set forth in the original pleadings, the amendment relates back to the date of the original pleading.

An amendment changing the party against whom a claim is asserted relates back if the foregoing provision is satisfied and, within the period provided by law for commencing the action against him the party to be brought in by amendment (1) has received such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits, and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him.

Rule 15(c), SCRCP.

There have been few South Carolina decisions discussing Rule 15(c), and none dispositive of the case before us. In *Hughes v. Water World Water Slide, Inc.,* 314 S.C. 211, 442 S.E.2d 584 (1994), our supreme court considered whether an amendment that corrected the name of the corporate defendant related back to the filing of the original complaint. The *Hughes* court, quoting *Schiavone v. Fortune,* 477 U.S. 21, 29, 106 S.Ct. 2379, 91 L.Ed.2d 18 (1986), adopted a four-part test

---

an action against the owner or operator who caused the injury or damages until his identity becomes known. In no event shall an action be brought against an owner or operator who caused the injury or damages, previously filed against as John Doe, more than three years from the commencement of the action against the unknown owner or operator as John Doe in a court of competent jurisdiction.
Va.Code Ann. § 38.2.2206(G) (1999).

to aid in interpreting the requirements of Rule 15(c). Thus, Rule 15(c) requires:

(1) the basic claim must have arisen out of the conduct set forth in the original pleading; (2) the party to be brought in must have received such notice that it will not be prejudiced in maintaining its defense; (3) that party must or should have known that, but for a mistake concerning identity, the action would have been brought against it; and (4) the second and third requirements must have been fulfilled within the prescribed limitations period.

*Hughes,* 314 S.C. at 214, 442 S.E.2d at 586. In *Hughes,* the court ruled, under the particular facts and circumstances of that case, an amendment correcting a mistake in the defendant's corporate name related back to the initial commencement of the action. *Id.* at 215, 442 S.E.2d at 586.

█ Here, Jackson did not simply correct the defendant's name or substitute one defendant for another. Rather, she *added* Milligan as a defendant because he *may* have been the driver. The language of Rule 15(c) clearly speaks to a *change* in party, not the *addition* of a defendant to an already existing defendant. In our view, the addition of a party is not the same as a substitution or change of party. *See Kraly v. Vannewkirk,* 69 Ohio St.3d 627, 635 N.E.2d 323 (1994) (determining that Ohio's Rule 15(c), which is similar to our Rule 15(c), allows for relation back when a party is *substituted* but not when a party is *added* while retaining a party named in the original suit). *But see Harding v. Godwin,* 238 Ga.App. 432, 518 S.E.2d 910 (1999) (noting the Georgia relationship back statute, which contains essentially the same language as our Rule 15(c), authorizes the addition of a new party under certain circumstances if the requirements of the statute are strictly met), *cert. denied* (Oct. 22, 1999). Had Jackson substituted [4] Milligan for John Doe or simply corrected the name of the defendant, then the amendment should have been ana-

---

**4.** For a discussion of cases in which substitutions have been deemed to relate back and also ones in which substitutions have not related back, see Joel E. Smith, Annotation, *Relation Back of Amended Pleading Substituting True Name of Defendant for Fictitious Name Used in Earlier Pleading So As To Avoid Bar of Limitations,* 85 A.L.R.3d 130 (1978) and Annotation, *Change in Party After Statute of Limitations Has Run,* 8 A.L.R.2d 6 (1949).

lyzed in light of the requirements of Rule 15(c) as set forth in *Hughes* for a determination of whether the amended complaint properly related back to Jackson's original action. Although we sympathize with the dilemma faced by Jackson—if she erroneously substituted Milligan for John Doe and dismissed the John Doe action, she would be left with no defendant—under the particular facts and circumstances of this case,[5] we decline to expand the plain language of the rule and our current case law. *See Green v. Lewis Truck Lines, Inc.,* 314 S.C. 303, 443 S.E.2d 906 (1994) (opining that in interpreting the language of a court rule, we should look to the plain and ordinary meaning of the rule's words without limiting or expanding the rule).

For the foregoing reasons, the decision of the trial court is **AFFIRMED.**

MOREHEAD, Acting J., concurs.

HEARN, C.J., dissents in a separate opinion.

HEARN, Chief Judge, (Dissenting):

Because I believe Jackson's amended complaint relates back to the original cause of action under Rule 15(c), SCRCP, I respectfully dissent.

The majority analyzes Jackson's amendment as one which adds a party to the action instead of changing the party to the action. While on its face the amended complaint indicates John Doe and Costello Milligan are two separate individuals, the third paragraph of the amended complaint asserts that John Doe and Milligan are "upon information and belief" the same person. At trial, Jackson will be required to prove that Milligan is in fact John Doe. If Jackson is successful in this, her amendment clearly will be one which substituted a party rather than an amendment adding a new party. The validity of Jackson's strategy in retaining Doe as a defendant is borne out by Milligan's allegation in his answer that he is not John

---

5. Although represented by different counsel, the uninsured motorist carrier and Milligan's carrier are, serendipitously, the same. Because Milligan's answer denied he was John Doe as a matter of fact, he is judicially estopped from asserting otherwise in the proceeding against John Doe which remains a viable cause of action.

Doe. Moreover, the applicable statute states that "an action may be instituted against an unknown defendant as 'John Doe.'" S.C.Code Ann. § 33–77–180 (1989). Therefore, by the plain language of the statute Milligan and Doe are the same person if the jury finds Milligan to be the tortfeasor. Nevertheless, the majority "decline[s] to expand the plain language of the rule" to allow the amendment to relate back to the original cause of action. I would not be so reticent under the peculiar facts of this case.

Rule 15(c)'s purpose, as articulated by the South Carolina Supreme Court, is to salvage causes of action otherwise barred by the statute of limitations. *Thomas v. Grayson,* 318 S.C. 82, 88, 456 S.E.2d 377, 380 (1995). "The test to be used in determining whether or not an amendment should be allowed to relate back under Rule 15(c) to the date of the original pleading to avoid the statute of limitations, is found in the language of the Rule; specifically, whether the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth in the original pleading." *Id.* Once litigation involving particular conduct or a given occurrence has been instituted, the parties are not entitled to the protection of the statute of limitations against the later assertion when the claim arises out of the same conduct, transaction, or occurrence as set forth in the original pleading. *Id.* at 88, 456 S.E.2d at 377, citing 6A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 1496 (1990).

The majority relies upon *Hughes v. Water World Water Slide, Inc.* ., 314 S.C. 211, 442 S.E.2d 584 (1994), to interpret Rule 15(c), and notes that *Hughes* adopted a four-part test from *Schiavone v. Fortune,* 477 U.S. 21, 29, 106 S.Ct. 2379, 91 L.Ed.2d 18 (1986), to aid in interpreting the requirements of Rule 15(c), SCRCP. While the South Carolina Supreme Court approved of the four-prong analysis set forth in *Schiavone,* it disagreed with the result reached there and proceeded to adopt a more liberal construction of Rule 15(c) than the United States Supreme Court. Specifically, the court found the result in *Schiavone* inconsistent with Rule 8(f), SCRCP, which requires that "all pleadings shall be so construed as to do substantial justice to all parties." *Hughes,* 314 S.C. at 214, 442 S.E.2d at 586. In doing so, the South Carolina Supreme Court found that the fourth *Schiavone* prong had been satis-

fied where the pleadings described an event which occurred, *inter alia,* in the presence of the president of the misnamed corporate defendant. *Id.* at 215, 442 S.E.2d at 586.

Here, all four of the *Schiavone* prongs were established. The claim against Milligan arose out of the conduct set forth in the original pleading. Milligan, if he is John Doe as Jackson maintains, had notice of the claim and cannot be heard to claim prejudice when his own actions in leaving the scene necessitated the bringing of a "John Doe" action. Milligan, if he is John Doe, should have known that, but for his actions in leaving the scene, the action would have been brought against him in the first instance. Finally, if Milligan is indeed John Doe, he acquired the knowledge required in the second and third *Schiavone* prongs within the prescribed limitations period. Just as the South Carolina Supreme Court found *Schiavone*'s fourth prong satisfied in *Hughes,* where the event occurred in the presence of the corporate defendant's president, I would hold it satisfied here where Milligan, if he is proved at trial to be John Doe, was present when Jackson's injury occurred. Allowing the amended pleading to relate back will work substantial justice to all parties and is consistent with the liberal construction of Rule 15(c) adopted by our supreme court in *Hughes.*

Accordingly, I would reverse the circuit court order and remand the case for a disposition on the merits.