THIS OPINION HAS NO PRECEDENTIAL
VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING
EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH
CAROLINA
In The Court of Appeals

 
 
 
 Russell Taylor: d/b/a
 Palmetto Steel Construction, and Dana Rawl,       
 Respondents,
 
 
 

v.

 
 
 
 Master Construction Company,
 Inc.,        Appellant.
 
 
 

Appeal From Richland County
L. Casey Manning, Circuit Court Judge

Unpublished Opinion No.
2005-UP-419
Heard April 5, 2005  Filed June 27, 2005

AFFIRMED

 
 
 
 F. Barron Grier, III, of West
 Columbia, for Appellant.
 Daryl G. Hawkins and John F.
 Hardaway, both of Columbia, for
 Respondents.
 
 
 

PER CURIAM:  In this
breach of contract action, Master Construction Company, Inc. appeals from the
trial courts order entering a verdict in favor of Russell Taylor, doing
business as Palmetto Steele Construction, and Dana Rawl.  Master
Construction contends the trial court erred by failing to dismiss the case based
on the statute of limitations, directing a verdict in favor of Taylor and Rawl,
disallowing witness testimony, and prohibiting the amendment of Master
Constructions pleadings to add the defense of acceptance.  We affirm.
FACTS
This case arises from a contract
between Taylor and Master Construction.  Rawl hired Taylor, a building
contractor, to construct a building on his property to be used as a second
home.  In April 1998, Taylor subcontracted with Master Construction to pour a concrete pad
on which the building was to be built.  The written contract
specified that Master Construction would pour a pad with a strength of 3,000
pounds per square inch (PSI) with wire reinforcing and a thickness of four
inches.  The contract further provided the work would be performed in a
substantial workmanlike manner. 
On May 5, 1998, the day after the
pad was built, Taylor inspected it and
noticed hairline cracks.  Taylor
began erecting the metal trusses and walls of the building on the pad. 
Later, during construction of the building, the cracks in the pad became much
more extensive.  Multiple cracks ran the length of the pad and extended
through its thickness.  Because of the extensive cracking, Taylor
discontinued work in the latter part of July 1998 when the building was
approximately 98 percent complete.  Taylor had tests conducted on core
samples from the pad that indicated it did not meet the 3,000 PSI strength
required by the contract. 
On April 8, 1999, Taylor
filed suit against Master Construction for breach of contract and
negligence.  Master Construction answered and counterclaimed for payment
under the contract.  On October 12, 2000, Master Construction filed a
motion to dismiss contending the owner of the property, Rawl, was an
indispensable party and that complete relief could not be afforded the parties
without his joinder pursuant to Rule 19, SCRCP.  Judge L. Henry McKellar
found Rawl was an indispensable plaintiff under Rule 19, SCRCP.  Taylor moved to alter or amend the order on the ground it failed to
specify the manner and means whereby Rawl would be brought into the
lawsuit.  By order dated July 19, 2001, Judge McKeller ordered Master
Construction to effectuate the joinder of Rawl.  Master Construction did
not comply with the order to join Rawl.
After Taylor
failed to appear at a roster meeting, Judge Alison R. Lee dismissed the action
for failure to prosecute by order dated July 16, 2001.  Judge Lees order
reflects that the attorneys of record for each party were served with the order;
however, Taylor contends he had no notice of the dismissal until July 16,
2003. 
On September 12, 2002, Taylor
filed an amended complaint adding Rawl as plaintiff.  Master Construction
answered and asserted the case should be dismissed because the statute of
limitations had run.  Nine months later, on July 3, 2003, Master
Construction moved for summary judgment and referenced, for the first time,
Judge Lees order in its memorandum in support of summary judgment. 
Master Construction argued Judge Lees order dismissed the case, and the
three-year statute of limitations barred the action at the time Taylor
filed the amended complaint adding Rawl as a party.  On July 18, 2003, Taylor
and Rawl moved to alter or amend Judge Lees order dismissing the case,
arguing the case should be restored to the roster because neither Taylor nor
Rawl had notice of the order of dismissal until Master Constructions attorney
faxed it to them on July 16, 2003.  Thereafter, Judge Lee vacated her prior
order dismissing the case and restored the case to the active roster. 
By order dated October 15, 2003,
Judge Reginald I. Lloyd denied Master Constructions previous motion for
summary judgment, and the case proceeded to trial.style="mso-spacerun: yes;
mso-fareast-font-family: Times New Roman; mso-ansi-language: EN-US;
mso-fareast-language: EN-US; mso-bidi-language: AR-SA">  At the
trial, Master Construction again moved for summary judgment, but the motion was
denied. 
Additionally, Master Construction proffered the testimony of Glen Walker,
the general manager of the company from which Master Construction purchased the
concrete. 
However, the trial court disallowed the witness on the basis 

 Walker

 was testifying as an expert witness and could not be qualified as such. 
After both sides presented their
cases to the jury, the trial court directed a verdict in favor of Taylor and
Rawl on the breach of contract claim, finding there was no question of fact that
the pad was defective and submitted the issue of damages to the jury.  The
jury returned a verdict for $52,000.  Master Construction moved for
a new trial nisi remittitur, a new trial, and a judgment
notwithstanding the verdict, all of which were denied.  This appeal
follows.
LAW/ANALYSIS
I.     
Statute of Limitations
Master Construction argues the trial
court erred in failing to dismiss the case because the applicable three-year
statute of limitations had expired when Taylor and Rawl filed the amended
complaint on September 12, 2002.  We disagree.
A cause of action for breach of
contract must be filed within three years after the date the breach was or
should have been discovered.  S.C. Code Ann. § 15-3-530(1) (2005); Maher
v. Tietex Corp., 331 S.C. 371, 376-77, 500 S.E.2d 204, 207 (Ct. App.
1998) (holding the discovery rule applies to breach of contract actions, and
pursuant to the discovery rule, the action accrues on the date the aggrieved
party knew or could have discovered the breach through the exercise of
reasonable diligence).  In the instant case, the statute of limitations
began to run, at the latest, in July 1998.  Taylor
timely filed the original complaint on April 8, 1999.  Master Construction
moved to have Rawl joined as a party under Rule 19, SCRCP.  Before the
statute of limitations had run, the trial court granted Master Constructions
motion and ordered Rawl added as a party.  However, Master Construction did
not file the amended complaint within the statute of limitations period and thus
Rawl was not added to the caption of the complaint.  Taylor only filed the
amended complaint adding Rawl to the caption because of Master Constructions
failure to do so. 
Pursuant to Rule 15(c), SCRCP:

 An amendment changing the party
 against whom a claim is asserted relates back if the foregoing provision
 is satisfied and, within the period provided by law for commencing the action
 against him the party to be brought in by amendment (1) has received such
 notice of the institution of the action that he will not be prejudiced in
 maintaining his defense on the merits, and (2) knew or should have known that,
 but for a mistake concerning the identity of the proper party, the action
 would have been brought against him.

(emphasis added).  Therefore, a
plaintiff may substitute a defendant, who was not named in the original
pleading, after the statute of limitations has expired as long as certain
requirements are met.  In Jackson v. Doe, 342 S.C. 552, 558-59, 537
S.E.2d 567, 570 (Ct. App. 2000), this court held that the plain language of Rule
15(c), SCRCP, indicates that although amendments substituting a party relate
back to the date of the original pleading, those that add a new party not named
in the original pleading do not relate back, therefore additional parities must
be added within the statute of limitations period.  We note that the plain
language of Rule 15 refers only to defendants, whereas the party joined in the
instant case was a plaintiff; however, a plaintiff must also file an action
within the three-year statute of limitations or the claim is barred.  S.C.
Code Ann. § 15-3-530(1) (2005).  Regardless, assuming the rule that an
amendment adding a party cannot be made after the statute of limitations expires
applies to plaintiff, the trial court ordered Rawl joined as a party prior to
the running of the statute of limitations, thus we find the statute of
limitations does not bar the instant action. 
Master Construction contends the
amended complaint adding Rawl as a party constituted a re-filing of the cause of
action because the case had been dismissed by Judge Lees order dated July 16,
2001.  However, Judge Lees order dismissing the complaint was nullified
by her subsequent order vacating that decision; therefore we address the
remainder of the case as if the dismissal never occurred.  Master
Construction filed a notice of appeal designating it was appealing from the
trial courts order entering a verdict in favor of Taylor and Rawl; however,
it did not specify it was appealing from Judge Lees order.  Because
Master Construction failed to designate it was appealing from Judge Lees
order dated October 16, 2003, which vacated the earlier order dismissing the
action and restored the case to the active roster, is the law of the case. 
Tolers Cove Homeowners Assn, Inc. v. Trident Constr. Co., Inc.,
355 S.C. 605, 610, 586 S.E.2d 581, 584 (2003) (holding an unappealed order
becomes the law of the case). 
II.        
Witness Testimony
Master Construction argues the trial
court erred by refusing to allow its witness to testify.  We disagree.
The decision to admit or exclude
evidence is within the trial courts sound discretion and will not be
disturbed on appeal absent an abuse of discretion. Gamble v. Intl Paper
Realty Corp. of South Carolina, 323 S.C. 367, 373, 474 S.E.2d 438,
441 (1996).  Generally, there is no abuse of discretion where the
excluded testimony is merely cumulative of other evidence proffered to the jury.
Commerce Center of Greenville, Inc. v. W. Powers McElveen & Assocs., Inc.,
347 S.C. 545, 559, 556 S.E.2d 718, 726 (Ct. App. 2001).
Master Construction listed Walker as
a fact witness prior to trial and indicated that he would testify regarding the
contract.  During the proffer, Walker testified that Master Construction
ordered 3,000 PSI concrete.  However, Walker also gave highly technical
expert testimony, which the trial court excluded because Walker could not be
qualified as an expert witness.  Assuming the trial court properly excluded
Walkers testimony, there was no abuse of discretion.  J. Eddie Fulmer,
owner of Master Construction, also testified he ordered 3,000 PSI concrete from
Walker and Master Constructions proffer indicated the only non-expert
testimony Walker would give regarded Master Constructions order. 
Therefore, because Walkers testimony was merely cumulative to other admitted
testimony, we find no basis for reversal.
III.    
Directed Verdict
Master Construction argues the trial
court erred in directing a verdict in favor of Taylor and Rawl on the breach of
contract claim.  We disagree. 
In ruling on a motion for directed
verdict, a court must view the evidence and all reasonable inferences in the
light most favorable to the non-moving party.  Swinton Creek Nursery v.
Edisto Farm Credit, ACA, 334 S.C. 469, 476, 514 S.E.2d 126, 130 (1999). When
the evidence yields only one inference, a directed verdict in favor of the
moving party is proper.  Id.
Viewing the evidence in the light
most favorable to Master Construction, we find no error in the trial courts
decision to direct a verdict on the breach of contract claim.  Uncontested
evidence indicated Master Construction breached the contract with Taylor. 
The contract stated that the pad would be four inches thick with a strength of
3000 PSI with wire reinforcing, and the work would be completed in a
substantial workmanlike manner.  In his testimony, Fulmer stated he
agreed the pad was not 3,000 PSI, the pad needed to be fixed, and he would
not want it the way it was.  Additionally, G. Allen Moore, an expert
witness, testified that testing on the pad showed it was not four inches thick
and it did not test at 3,000 PSI.  Master Construction contends Walkers
testimony would have countered Allens testimony; however, Walker only
testified in the proffer that Master Construction ordered 3,000 PSI
concrete.  Walker did not testify that the finished pad had a strength of
3,000 PSI, as required by the contract.  Because Master Construction
offered no evidence to contradict the assertion that the pad did not test at
3,000 PSI, we find Master Construction breached the contract as a matter of law.
IV.    
Defense of Acceptance
Master Construction argues the trial
court erred in denying its motion to amend the pleadings to include the defense
of acceptance.  We find the argument has not been properly preserved.
An issue must be raised and ruled
upon by the trial judge in order to be preserved for appellate review.  Talley
v. South Carolina Higher Educ. Tuition Grants Comm., 289 S.C. 483, 487, 347
S.E.2d 99, 101 (1986).  Master Construction argues it moved to amend its
pleadings to include the defense of acceptance at the end of the trial; however,
our review of the record indicates Master Constructions attorney made only a
general motion to renew my motion under 16(b) (sic) to amend the pleadings to
conform to the evidence, which lacked any specific reference to the defense
of acceptance.  In Master Constructions only other Rule 15(b) motion,
Master Construction asked to include the defenses of waiver and estoppel. 
We can find no instance where Master Construction raised the defense of
acceptance to the trial court.  Because arguments raised for the first time
on appeal are not preserved for our review, we decline to consider the
issue. 
AFFIRMED.
ANDERSON, BEATTY, and SHORT, JJ.,
concur.