**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Arthur Washington, Appellant,

v.

Resort Services, Inc., and John Doe, Respondents.

Appellate Case No. 2014-001409

Appeal From Beaufort County
J. Ernest Kinard, Jr., Circuit Court Judge

Unpublished Opinion No. 2016-UP-028
Submitted December 1, 2015 – Filed January 20, 2016

**AFFIRMED**

Charles E. Houston, Jr., of The Houston Law Firm, LLC, of Houston, TX, and William Franklin Barnes, III, of Peters Murdaugh Parker Eltzroth & Detrick, PA, of Hampton, for Appellant.

Helen Faith Hiser, of McAngus Goudelock & Courie, LLC, of Mount Pleasant, for Respondent.

**PER CURIAM:** Arthur Washington appeals the trial court's order (1) granting Doe's motion to dismiss and (2) denying Washington's motion for default

judgment.  We affirm[1] pursuant to Rule 220(b), SCACR, and the following authorities:

1.  As to whether the trial court erred in granting Doe's motion to dismiss:  S.C. Code Ann. § 15-3-535 (2005) (stating personal injury actions must be commenced within three years "after the person knew or by the exercise of reasonable diligence should have known that he had a cause of action"); *Jackson v. Doe*, 342 S.C. 552, 558, 537 S.E.2d 567, 570 (Ct. App. 2000) ("The language of Rule 15(c) clearly speaks to a *change* in party, not the *addition* of a defendant to an already existing defendant.  In our view, the addition of a party is not the same as a substitution or change of party."); *id.* at 555, 537 S.E.2d at 569 ("[T]here is no provision specifically allowing John Doe and a later added or substituted party to be considered the same entity for purposes of tolling the statute of limitations."); *Nationwide Mut. Ins. Co. v. Erwood*, 373 S.C. 88, 91, 644 S.E.2d 62, 63 (2007) ("Section 38-77-150 mandates UM coverage in all automobile insurance policies. We find that the mandatory nature of this coverage distinguishes it from [] voluntary UIM coverage . . . ."); *Fireman's Ins. Co. of Newark, New Jersey v. State Farm Mut. Auto. Ins. Co.*, 295 S.C. 538, 543, 370 S.E.2d 85, 88 (1988) ("[T]he law in South Carolina is clear that underinsured coverage and uninsured coverage are mutually exclusive."); *State Farm Mut. Auto. Ins. Co. v. James*, 337 S.C. 86, 95, 522 S.E.2d 345, 349-50 (Ct. App. 1999) (holding an insured may not recover both uninsured and underinsured motorist benefits).

2.  As to whether the trial court erred in denying Washington's motion for default judgment:  Rule 55(a), SCRCP ("When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise, the clerk shall enter his default upon the calendar . . . ."); S.C. Code Ann. § 38-77-180 (2015) ("[A]n action may be instituted against the unknown defendant as 'John Doe' and service of process may be made by delivery of a copy of the summons and complaint or other pleadings to the clerk of the court in which the action is brought."); S.C. Code Ann. § 38-77-150(B) (2015) ("No action may be brought under the uninsured motorist provision unless copies of the pleadings in the action establishing liability are served in the manner provided by law upon the insurer writing the uninsured motorist provision.  The insurer has the right to appear and defend in the name of the uninsured motorist in any action which may affect its liability and has thirty days after service of process on it in which to appear."); S.C. Code Ann. § 38-5-70 (2015) ("Every insurer shall . . .  appoint in writing the

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.

director . . . to be its true and lawful attorney upon whom all legal process in any action or proceeding against it must be served . . . ."); Rule 12(a), SCRCP ("A defendant shall serve his answer within 30 days after the service of the complaint upon him . . . .").

**AFFIRMED.**

**SHORT, GEATHERS, and MCDONALD, JJ., concur.**